

# Fourth Court of Appeals
## San Antonio, Texas

## SUPPLEMENTAL MEMORANDUM OPINION

No. 04-24-00551-CV

**JESUS VIRLAR, M.D.**, and Gonzaba Medical Group a/k/a GMG Health Systems Associates,
P.A. a/k/a GMG Health Systems P.A.,
Appellants

v.

Maria Esther **CARR**, as Independent Administrator and Personal Representative of the Estate of
Jo Ann Puente, Deceased,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-04936
Honorable Norma Gonzales, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:       Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice
               H. Todd McCray, Justice

Delivered and Filed: June 24, 2026

AFFIRMED AS MODIFIED

On April 30, 2026, we issued our original opinion in this case suggesting a remittitur for

appellee Maria Esther Carr, as Independent Administrator and Personal Representative of the

Estate of Jo Ann Puente, Deceased. We explained that if appellee filed this remittitur within twenty

days from the date of our original opinion, we would modify the trial court's judgment accordingly.

We suggested a remittitur of $533,038.51, which accounts for the $63,439.85 discrepancy between

the numbers included in the trial court's supplemental findings and the total lump sum award, the excess of $6,015 in interim medical expenses, and the excess of $463,583.66 in attorney's fees, as explained in our April 30, 2026 opinion.

Appellee timely accepted the suggested remittitur. We therefore issue this supplemental majority opinion. In accordance with the original majority opinion and appellee's timely-filed remittitur, we modify the trial court's judgment to reflect appellee's total lump sum recovery of $5,347,510.99, which includes appellee's recovery of $487,544 in interim medical costs and $3,851,184.84 in attorney's fees.[1] We affirm the trial court's judgment as modified. Our original opinion remains otherwise in effect. *See Critical Path Res., Inc. v. Cuevas*, 561 S.W.3d 523, 535 (Tex. App.—Houston [14th Dist.] 2018), supplemented, 582 S.W.3d 348, 348–49 (Tex. App.—Houston [14th Dist.] 2018, no pet.). We render judgment against Aspen American Insurance Company, and Fidelity and Deposit Company of Maryland, the sureties on appellants' supersedeas bond, for performance of the judgment and costs taxed against appellants. *See* TEX. R. APP. P. 43.5.

Lori Massey Brissette, Justice

---

[1] As noted in our original opinion, we recognize that modifying the judgment to reduce the lump sum total necessarily increases the amount of the jury's award that would be left over for the periodic payments. But since the trial court already allocated 100% of Dr. Fairchild's expenses for the 2019 and 2020 periodic payments, and Puente died in 2020, reducing the lump sum total would merely increase the amount of the jury's award left for the periodic payments for 2021 through 2048. The obligation to pay those periodic payments beginning in 2021 "terminate[d] on the death of the recipient." TEX. CIV. PRAC. & REM. CODE § 74.506(b). It would therefore be unnecessary to further modify the judgment to increase the amounts for those periodic payments beginning in 2021. *See Virlar v. Carr*, No. 04-24-00551-CV, 2026 WL 1172677, at *15 n.17 (Tex. App.—San Antonio Apr. 30, 2026, no pet. h.).